**UNITED STATES of America, Appellee,**

v.

**Johnny CHEUNG, a/k/a Ching Fat Cheung, Defendant, Appellant.**

No. 87–1703.

United States Court of Appeals, First Circuit.

Heard Jan. 4, 1988.

Decided Jan. 15, 1988.

Robert L. Sheketoff with whom Zalkind, Sheketoff, Homan, Rodriguez & Lunt, Boston, Mass., was on brief, for defendant, appellant.

Gary S. Katzmann, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., was on brief, for appellee.

Before CAMPBELL, Chief Judge, BREYER and SELYA, Circuit Judges.

PER CURIAM.

■ Defendant Johnny Cheung appeals from his conviction by a jury upon an indictment charging possession of heroin with intent to distribute and conspiracy. *See* 21 U.S.C. §§ 841(a)(1), 846 (1982); 18 U.S.C. § 2 (1982). The evidence shows that Cheung transported a bag containing heroin to a rendezvous with an undercover government agent in the lounge of a motor lodge, and thereupon exchanged the heroin for $4,100 in $100 bills. The transaction had been prearranged on the telephone by the undercover agent, posing as a buyer, with one Wong. The latter had agreed to deliver an amount of heroin in return for $4,100, and had said that "Johnny" would deliver the heroin. Cheung argues on appeal that the evidence adduced at trial was insufficient as a matter of law to prove beyond a reasonable doubt that he knew that the bag contained heroin. We disagree.[1]

■ The evidence most material to the government's contention that Cheung was more than an unwitting participant is as follows.

1) The heroin was wrapped in tissue paper and placed in a plastic bag. Although the heroin could not be visually identified, the government agent testified that he could feel a "granular substance" within the bag. The jury may have inferred that Cheung also felt this granular substance.

1. Defendant asks this court to review the district court's denial of his motion for acquittal made at the close of the government's evidence. However, Cheung presented evidence in his own behalf, which serves as a waiver of the mid-trial motion. *See United States v. Notarantonio,* 758 F.2d 777, 788 (1st Cir.1985). We therefore examine all of the evidence at trial. *Id.* (citing *Colella v. United States,* 360 F.2d 792, 802 (1st Cir.), *cert. denied,* 385 U.S. 829, 87 S.Ct. 65, 17 L.Ed.2d 65 (1966)). In addition, Cheung failed to renew his motion for acquittal, so the conviction shall only be overturned upon a showing of "clear and gross injustice." *United States v. Greenleaf,* 692 F.2d 182, 185 (1st Cir.1982), *cert. denied,* 460 U.S. 1069, 103 S.Ct. 1522, 75 L.Ed.2d 946 (1983). Even, however, under the ordinary, less rigorous standard, we would be constrained to uphold the conviction.

2) Cheung testified that he passed the bag *underneath* the table to the government agent. This action indicates an awareness that the bag contained an illicit substance. That the transaction involved contraband was further suggested by the tenor of the initial exchange: The agent said, "I have the money; do you have the shit?" to which Cheung responded in the affirmative.

3) When Cheung received the $4,100 in $100 bills from the government agent, Cheung asked: "Is it all here?" to which the agent responded, "$4,100, right?" Cheung's statement indicates that he was expecting to pick up a specific sum of money for the bag, contrary to his own testimony that he had not been asked by Wong to collect any money.

4) On the day of the transaction and the following day, Cheung made two deposits to his bank account totalling over $2,500. Immediately after the transaction, Cheung also made some purchases at various stores. Cheung testified that he earned about $1,500 per month. The jury may have inferred that at least a portion of these relatively large bank deposits, and the post-transaction purchases, involved Cheung's share of the receipts from the illegal transaction, contrary to Cheung's testimony that he received nothing.

5) The large sum of money received for the small package would have suggested to Cheung the likelihood that it contained contraband, most likely a drug. The jury could also infer that it was unlikely that Cheung would have been entrusted by Wong to engage in a transaction involving receipt of such a large sum of money without any prior understanding or awareness on Cheung's part of the nature of the transaction.

In sum, the evidence was sufficient for the jury to infer that Cheung knew that the bag contained an illicit granular substance. While Cheung may not have known whether the bag contained heroin, cocaine, or some other granular "controlled substance," *see* 21 U.S.C. § 841(a)(1), "the law is settled that a defendant need not know the exact nature of a drug in his possession to violate Section 841(a)(1)." *United States v. Kairouz*, 751 F.2d 467, 469 (1st Cir.1985) (quoting *United States v. Morales*, 577 F.2d 769, 776 (2d Cir.1978)).

*Affirmed.*