USCA1 Opinion

 

 December 14, 1992 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 92-1586 UNITED STATES OF AMERICA, Appellee, v. JOSEPH GULLITY, Defendant, Appellant. ________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ Dana A. Curhan for appellant. ______________ Lincoln C. Almond, United States Attorney, and Gerard B. __________________ _________ Sullivan, Assistant United States Attorney, on brief for ________ appellee. _________________________ _________________________ Per Curiam. Defendant-appellant Joseph Gullity, a/k/a Per Curiam ___________ Feme Adedotun, was charged with possessing heroin with intent to distribute the drug, 21 U.S.C. 841(a)(1), and conspiring to possess heroin with an intent to distribute it. 21 U.S.C. 846. A jury found him guilty on both counts. Gullity appeals. We affirm. Gullity's appeal advances only a solitary assignment of error: "Whether the evidence was sufficient, when viewed in the light most favorable to the government, to establish (a) that the defendant possessed the contraband found in the vicinity of the car in which he had been a passenger, and (b) that he participated in a conspiracy with codefendant Akinola." Appellant's Brief at 1. However, Gullity never moved for judgment of acquittal in the district court and, therefore, never preserved this issue for appeal. It is firmly settled that, under such circumstances, "the defendant forfeits the benefit of the customary standard of review, thereby negating any claim of evidentiary insufficiency unless affirming the conviction would work a 'clear and gross injustice.'" United States v. Castro- ______________ _______ Lara, 970 F.2d 976, 980 n.2 (1st Cir. 1992), quoting United ____ _______ ______ States v. Cheung, 836 F.2d 729, 730 n.1 (1st Cir. 1988) (per ______ ______ curiam). Having carefully reviewed the parties' briefs and the trial transcript, we see no hint of injustice here. Indeed, even under the ordinary standard of review applicable to sufficiency- of-the-evidence challenges, see, e.g., United States v. Maraj, ___ ____ _____________ _____ 947 F.2d 520, 522-23 (1st Cir. 1991), we have no doubt but that 2 the evidence would be judged sufficient to convict. We need go no further. Because it clearly appears that this appeal presents no substantial question, we summarily affirm the judgment below. See 1st Cir. Loc. R. 27.1. ___ Affirmed. Affirmed ________ 3