980 F.2d 721
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES OF AMERICA, Appellee,
v.
Joseph GULLITY, Defendant, Appellant.
 No. 92-1586.
 United States Court of Appeals,
First Circuit.
 December 14, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
 Dana A. Curhan for appellant.
 Lincoln C. Almond, United States Attorney, and Gerard B. Sullivan, Assistant United States Attorney, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Selya, Circuit Judge, Coffin, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 Defendant-appellant Joseph Gullity, a/k/a Feme Adedotun, was charged with possessing heroin with intent to distribute the drug, 21 U.S.C. § 841(a)(1), and conspiring to possess heroin with an intent to distribute it. 21 U.S.C. § 846. A jury found him guilty on both counts. Gullity appeals. We affirm.
 
 
 2
 Gullity's appeal advances only a solitary assignment of error: "Whether the evidence was sufficient, when viewed in the light most favorable to the government, to establish (a) that the defendant possessed the contraband found in the vicinity of the car in which he had been a passenger, and (b) that he participated in a conspiracy with codefendant Akinola." Appellant's Brief at 1. However, Gullity never moved for judgment of acquittal in the district court and, therefore, never preserved this issue for appeal. It is firmly settled that, under such circumstances, "the defendant forfeits the benefit of the customary standard of review, thereby negating any claim of evidentiary insufficiency unless affirming the conviction would work a 'clear and gross injustice.' " United States v. Castro-Lara, 970 F.2d 976, 980 n.2 (1st Cir. 1992), quoting United States v. Cheung, 836 F.2d 729, 730 n.1 (1st Cir. 1988) (per curiam). Having carefully reviewed the parties' briefs and the trial transcript, we see no hint of injustice here. Indeed, even under the ordinary standard of review applicable to sufficiency-of-the-evidence challenges, see, e.g., United States v. Maraj, 947 F.2d 520, 522-23 (1st Cir. 1991), we have no doubt but that the evidence would be judged sufficient to convict.
 
 
 3
 We need go no further. Because it clearly appears that this appeal presents no substantial question, we summarily affirm the judgment below. See 1st Cir. Loc. R. 27.1.
 
 
 4
 Affirmed.