**UNITED STATES of America,
Plaintiff,**

v.

**Henry M. HENSON, Defendant.**

**No. 2:99–00068.**

United States District Court,
S.D. West Virginia,
Charleston Division.

June 14, 1999.

Steve Loew, Assistant U.S. Attorney, Charleston, WV, for plaintiff.

George H. Lancaster, J., Assistant Federal Public Defender, Charleston, WV, for defendant.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Defendant's motion to dismiss the indictment pursuant to the Second and Fifth Amendments to the United States Constitution.[1] For reasons discussed more fully below, the Court **DENIES** the motion.

### I. FACTUAL BACKGROUND

In April 1990 Defendant was convicted of the felony of second degree arson in the Circuit Court of Mason County, West Virginia. In May 1997 Defendant's wife, now ex-wife, Lori Robinson, obtained a final protective order restraining Defendant

---

1. Although Defendant moves to dismiss the entire indictment, Defendant's argument actually only runs against charges arising under 18 U.S.C. § 922(g)(8).

from harassing, stalking and threatening her or engaging in other conduct that would place her in reasonable fear of bodily injury. In July 1997 Ms. Robinson was separated from Defendant and living with Roger Hager in Kanawha City. On July 14, 1997 Defendant drove his jeep to Hager's residence. Seeing Mr. Hager with Ms. Robinson, Defendant allegedly chased the couple into Hager's apartment building. The couple called the police who apprehended Defendant several blocks from Hager's apartment. Defendant had a loaded .22 caliber revolver in his jeep when he was apprehended and arrested.

On May 4, 1999 a grand jury sitting at Charleston returned a two count indictment charging Defendant with violations of Title 18, United States Code, Sections 922(g)(1), 922(g)(8), and 924(a)(2). Defendant has moved to dismiss the indictment alleging that 18 U.S.C. § 922(g)(8) violates the Second and Fifth Amendments of the Constitution.

## II. ANALYSIS

In support of his argument that charges arising out of 18 U.S.C. § 922(g)(8) [2] violate the Second and Fifth Amendments of the United States Constitution, Defendant provides no memorandum of law. Instead, Defendant simply attaches to his motion a copy of *United States of America v. Emerson*, No. CR.A.6:98CR103C, 1999 WL 198865 (N.D.Tex. April 7, 1999) asserting the case is favorably dispositive of his motion to dismiss. In*Emerson*, a Fifth Circuit district court found that the Second

Amendment right to bear arms was an individual right, rather than a collective one. *Id.* at 606. On that basis, the *Emerson* court reasoned that 18 U.S.C. § 922(g)(8) is unconstitutional "because it allows a state court divorce proceeding, without particularized findings of the threat of future violence, to automatically deprive a citizen of his Second Amendment rights." *Id.* at 609. Because (Fifth Circuit) citizens have a protected individual liberty interest in firearm possession under the Second Amendment, the *Emerson* court reasoned, they also had Fifth Amendment due process rights. Further, "[b]ecause § 922(g)(8) is an obscure, highly technical statute with no mens rea requirement, it violates Emerson's Fifth Amendment due process rights to be subject to prosecution without proof of knowledge that he was violating the statute." *Id.* at 612.

■ Defendant's reliance on *Emerson* is misplaced. Our Court of Appeals has held consistently that the Second Amendment confers a collective, rather than an individual, right to keep and bear arms. *Love v. Pepersack*, 47 F.3d 120, 124 (4th Cir.1995) (stating "the [Second] amendment does not confer an absolute individual right to bear any type of firearm."); *see also United States v. Johnson*, 497 F.2d 548 (4th Cir. 1974); *United States v. Miller*, 307 U.S. 174, 178, 59 S.Ct. 816, 83 L.Ed. 1206 (1939) (stating the Second Amendment only confers a collective right of keeping and bearing arms which must bear a "reasonable

---

**2.** 18 U.S.C. § 922(g)(8) provides:
 (g) It shall be unlawful for any person—
 (8) who is subject to a court order that—
  (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
  (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child;
  and

  (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
  (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury . . .
  to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

relationship to the preservation or efficiency of a well-regulated militia.").[3]

Defendant's Fifth Amendment argument is similarly untenable. In *Emerson*, the court distinguished section 922(g)(8) from section 924(g)(1) (the felon in possession statute), with which Emerson was not charged, noting:

> [O]nce an individual is convicted of a felony, he has by his criminal conduct taken himself outside the class of law-abiding citizens who enjoy full exercise of their civil rights. Furthermore, the convicted felon is admonished in state and federal courts that a felony conviction results in the loss of certain civil rights, including the right to bear arms.

Here, differing factually from *Emerson*, Defendant is a convicted felon, with prior notice of his loss of any right to bear arms.

Additionally, our Court of Appeals upheld this Court's ruling that section 922(g)(8) is not unconstitutional and does not violate the notice and fair warning principles embodied in the Fifth Amendment because of the "fundamental principle" that ignorance of the law is no excuse. *United States v. Bostic*, 168 F.3d 718, 721 (4th Cir.1999). In proposing otherwise, Defendant ignores precedent, which is clearly on point and indistinguishable from Defendant's situation, thus wasting this Court's time and resources.

## III. CONCLUSION

Accordingly, the Court **DENIES** Defendant's motion to dismiss the indictment.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the Marshal for the District and the Probation Office of this Court.

---

**3.** Defendant makes no argument that his possession of a handgun bears any relation to the preservation or efficiency of a well-regulated militia so as to violate Second Amendment rights recognized in the Fourth Circuit.