**UNITED STATES of America,
Plaintiff,**

v.

**Randee Lee BAYLES, Defendant.**

**No. 2:00CR424K.**

United States District Court,
D. Utah,
Central Division.

Dec. 5, 2000.

Barbara Bearnson, Brett L. Tolman, U.S. Attorney's Office, Salt Lake City, UT, for U.S.

Bradley P. Rich, Yengich, Rich & Xaiz, Salt Lake City, UT, for Defendant.

## ORDER

KIMBALL, District Judge.

Before the court is Defendant's Motion to Dismiss. Defendant has moved the court to dismiss the Indictment against him on the ground that 18 U.S.C. § 922(g)(8) is unconstitutional. A hearing on the motion was held on November 27, 2000. At the hearing, Defendant was represented by Bradley P. Rich. The United States (the "Government") was represented by Brett L. Tolman. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Order.

## I. BACKGROUND

Defendant, Randee Lee Bayles, has moved to dismiss the Indictment against him based on the ground that 18 U.S.C. § 922(g)(8) is unconstitutional, both under the Second Amendment and because it does not establish a nexus between the conduct prohibited and interstate commerce. Defendant challenges this statute both on its face and as applied to Defendant.

Bayles is subject to a protective order that was issued by the state court on August 10, 1999. The protective order restrains him from attempting, committing, or threatening to commit abuse or domestic violence against his former wife, and from contacting stalking, or harassing her. Ms. Bayles' petition for the protective order asked the court to prohibit Defendant from possessing any firearm while subject to the protective order. However, the court did not so order.

On August 18, 2000, Defendant was arrested for violating 18 U.S.C. § 922(g)(8). The Complaint alleged that Defendant possessed firearms, in and affecting interstate commerce. It further alleged that the firearms had traveled in interstate commerce because they were not manufactured in Utah, although Defendant never transported them in interstate commerce. He was subsequently indicted on one count of violating 18 U.S.C. § 922(g)(8).

## II. DISCUSSION

Section 922(g)(8) prohibits the possession of a firearm by an individual subject to a domestic violence restraining order issued after a hearing in state court. 18 U.S.C. 922(g)(8). An individual charged under this statute must have received actual notice of the restraining order hearing and must have had an opportunity to participate in the hearing. *Id.* In addition, Section 922(g)(8) requires that the restraining order include either (1) a finding that the individual represents a credible threat to physical safety of his intimate partner or child, or (2) an explicit prohibition on the individual's use of physical force against his intimate partner or child. *Id.*

### A. SECOND AMENDMENT ARGUMENT

█ Defendant asserts that 18 U.S.C. § 922(g)(8) is unconstitutional in that it denies him his Second Amendment rights based on only the existence of a protective order. Defendant relies on *United States v. Emerson*, 46 F.Supp.2d 598, 610 (N.D.Tex.1999), in which the court held that 18 U.S.C. § 922(g)(8) was unconstitutional under the Second Amendment "because it [allowed] a state court divorce proceeding, without particularized findings of the threat of future violence, to auto-

matically deprive a citizen of his Second Amendment rights." *Id.* at 610. In *Emerson,* the defendant's wife filed for a divorce and a restraining order, and the court granted the restraining order but did not make particularized findings of the likelihood of violence.

In the instant case, Defendant claims that he is subject to a protective order similar to that in *Emerson.* He claims that the state court made no findings regarding the likelihood of future violence. Moreover, even after being asked to prohibit Defendant from possessing firearms, the judge did not initial the paragraph that would have prohibited the possession of firearms. Thus, Defendant argues, the protective order specifically allowed him to possess firearms. He argues that he has not been convicted of a crime, and it has not been found that he is likely to exhibit violent behavior. Consequently, he argues, his right to bear arms should not be denied merely due to the existence of a routine protective order.

The Government, on the other hand, disputes Defendant's characterization of the facts regarding the protective order. It claims that the judge did make findings regarding the likelihood of future violence. Specifically, in a Memorandum Decision and Order, the judge stated that "the court finds ... that the respondent has been stalking the petitioner by intentionally or knowingly engaging in a course of conduct directed at petitioner that would cause a reasonable person to suffer emotional distress herself or to a member of her family." The judge ordered several things, including that Defendant be "restrained from attempting, committing, or threatening to commit abuse or domestic violence." Defendant was also prohibited from contacting his ex-wife and was ordered to stay away from her residence and places that she frequented.

The judge made formal findings of fact, including that Defendant physically abused his ex-wife "by slapping her, and threatened her with bodily harm by holding a pistol to her neck in 1975," and by telling her in 1990 "that he could kill her anytime he wanted." Based on the foregoing, the judge concluded that a protective order should issue.

Thus, this court finds that *Emerson* is completely different from the instant case because there was no evidence of acts of violence or threatened violence in *Emerson.* The *Emerson* court found that Section 922(g)(8) was unconstitutional because it allowed "a state divorce proceeding, without particularized findings of the threat of future violence, to automatically deprive a citizen of his Second Amendment rights." *Id.* at 610. That is not this case, and this court declines to follow *Emerson,* which is the only case in the country in which the court found that 922(g)(8) is unconstitutional based on the Second Amendment.

■ While no Circuit Court of Appeals has yet dealt with a Second Amendment challenge to Section 922(g)(8), five Circuit Courts of Appeal, including the Tenth Circuit, have determined that the Second Amendment protects only a collective right on the part of the State to arm a militia— not an individual right to bear arms. *See United States v. Oakes,* 564 F.2d 384, 387 (10th Cir.1977); *Gillespie v. Indianapolis,* 185 F.3d 693, 709 (7th Cir.1999); *Hickman v. Block,* 81 F.3d 98, 100–01 (9th Cir.1996); *Love v. Pepersack,* 47 F.3d 120, 124 (4th Cir.1995); *United States v. Warin,* 530 F.2d 103, 106–07 (6th Cir.1976), *Cases v. United States,* 131 F.2d 916, 920–23 (1st Cir.1942). In addition, the United States Supreme Court has stated that the Second Amendment guarantees no right to keep and bear a firearm that does not have "some reasonable relationship to the pres-

ervation or efficiency of a well regulated militia." *See United States v. Miller,* 307 U.S. 174, 178, 59 S.Ct. 816, 83 L.Ed. 1206 (1939); *see also Lewis v. United States,* 445 U.S. 55, 65 n. 8, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980).

Further, with the exception of *Emerson,* every district court that has addressed the issue has found that Section 922(g)(8) is not unconstitutional under the Second Amendment. *See United States v. Spruill,* 61 F.Supp.2d 587 (W.D.Tex.1999); *United States v. Henson,* 55 F.Supp.2d 528 (S.D.W.Va.1999); *United States v. Boyd,* 52 F.Supp.2d 1233 (D.Kan.1999), *aff'd,* 211 F.3d 1279 (10th Cir.2000).

In *Boyd,* a case affirmed by the Tenth Circuit, the United States Court for the District of Kansas rejected the same Second Amendment argument that is made in the case at bar. *Id.* at 1237. The court noted that the Tenth Circuit, in *United States v. Oakes,* 564 F.2d 384, 387 (10th Cir.1977) found that " '[t]o apply the [Second] [A]mendment so as to guarantee appellant's right to keep an unregistered firearm which has not been shown to have any connection to the militia ... would be unjustifiable in terms of either logic or policy.' " 52 F.Supp.2d at 1237 (quoting *Oakes,* 564 F.2d at 387). The *Boyd* court also noted that the Tenth Circuit, relying on *Oakes,* has summarily rejected all subsequent Second Amendment challenges. *Id.*

■ Defendant has not presented this court with any reason that could justify this court from departing from this binding precedent and the reasoning of the clear majority of courts. The court therefore rejects Defendant's Second Amendment challenge.[1]

**B. COMMERCE CLAUSE ARGUMENT**

■ Defendant claims that the firearm in this case does not have a concrete tie to interstate commerce. He claims that the Government's sole assertion regarding interstate commerce is that the guns were manufactured outside of Utah. Defendant contends that there has been no showing that he transported the firearms in interstate commerce or used the guns in interstate commerce. He claims that the statutory language, "in or affecting commerce" serves to limit the statute's reach to only those cases involving firearm possessions that "have an explicit connection with or effect on interstate commerce," citing *United States v. Lopez,* 514 U.S. 549, 562, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). He claims that his possession of firearms did not have an explicit connection with or effect on interstate commerce, and thus, his actions are not in violation of 18 U.S.C. § 922(g)(8).

To the contrary, the Government points out that every court that has addressed this argument has rejected it, including the Tenth Circuit in *United States v. Bolton,* 68 F.3d 396 (1995). The Tenth Circuit specifically considered *Lopez,* and found Section 922 constitutional under the Commerce Clause. Even after the Supreme Court's recent case of *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), the district courts that have addressed this issue have held that *Morrison* does not cast doubt on the validity of Section 922(g)(8). *See, e.g., United States v. Visnich,* 109 F.Supp.2d

---

1. To the extent that Defendant has attempted to argue that Section 922(g)(8) violates his Due Process rights, his argument is rejected. The Tenth Circuit has held that ignorance of the law is no excuse, and it also noted that every other circuit court that had considered the issue of lack of notice with respect to Section 922(g)(8) has rejected arguments similar to the defendants. *United States v. Reddick,* 203 F.3d 767 (10th Cir.2000).

757 (N.D.Ohio 2000); *United States v. Bunnell,* 106 F.Supp.2d 60 (D.Maine 2000). This court agrees, and finds that "[s]o long as the weapon[ ] in Defendant's possession were moved in interstate commerce at some time, the minimal nexus between his possession and interstate commerce can be established." *Visnich,* 109 F.Supp.2d at 760. Accordingly, this court rejects Defendant's Commerce Clause challenge.

## III. CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED.