**UNITED STATES**

v.

**Larry COCCIA, Defendant.**

**No. CRIM.A.02–10031–WGY.**

United States District Court,
D. Massachusetts.

March 12, 2003.

Larry J. Coccia, [Pro se], Plymouth, MA, Clifford Samuel Sutter, Jr., Law Office of C. Samuel Sutter, Westport, MA, for Larry J. Coccia (1), Defendant.

John E. Bradley, United States Attorney's Office, Boston, MA, for U.S.

*MEMORANDUM AND ORDER*

YOUNG, Chief Judge.

## I. INTRODUCTION

The defendant, Larry Coccia ("Coccia"), has moved for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. On October 7, 2002, Coccia was convicted of unlawful

possession of a firearm while being subject to a restraining order, in violation of 18 U.S.C. § 922(g)(8) (2000).

## II. DISCUSSION

Section 922 prohibits, *inter alia*, a person from possessing a firearm if that person is subject to a court order that:

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

18 U.S.C. § 922(g)(8) (2000).

### A. Scienter

█ The Court, over the objection of the government, charged the jury that the government had to prove beyond a reasonable doubt that Coccia actually knew of the existence of the restraining order issued against him. Upon further consideration, this Court concludes that Section 922(g)(8) does not require that a defendant have actual knowledge of the particular court order at issue. The plain language of the statute contains no such knowledge requirement. With respect to the "court order," the statute simply requires that it must have been "issued after a hearing of

which [the defendant] received actual notice, and at which [the defendant] had an opportunity to participate." 18 U.S.C. § 922(g)(8)(A). Thus, although actual notice of a hearing is a requirement under the plain language of the statute, actual knowledge of a court order is not.

█ Furthermore, neither the limited case law available nor sound policy counsel the interpolation of an actual knowledge requirement into 18 U.S.C. § 922(g)(8)(A). First, due process does not require a defendant to have knowledge of the prohibitions embodied in the federal statute because ignorance of the law does not excuse criminal liability. *United States v. Meade*, 175 F.3d 215, 225–226 (1st Cir.1999) (noting that "a person who is subject to [a domestic violence protection] order would not be sanguine about the legal consequences of possessing a firearm" and deciding that the statute does not violate due process); *see also United States v. Reddick*, 203 F.3d 767, 771 (10th Cir.2000) (holding that "due process does not require actual knowledge of the federal statute"); *United States v. Bostic*, 168 F.3d 718, 722–23 (4th Cir.1999) (holding that defendant need not be aware of the illegality of his conduct); *United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999) (suggesting that ignorance of the law is no excuse under the statute); *United States v. Wilson*, 159 F.3d 280, 288–89 (7th Cir.1998) (holding that defendant's ignorance of the federal statute did not "render his conviction erroneous").

Moreover, the statute neither requires that a defendant have knowledge that the court order proscribes possession of a firearm, nor requires knowledge that the court order—in fact—has issued. *United States v. Napier*, 233 F.3d 394, 399 (6th Cir.2000); *see also Meade*, 175 F.3d at 225 (deciding that the fact that "state court restraining orders [do not] inform those

whom they enjoin of the federal law consequences that may attach" to such orders is not unconstitutional); *United States v. Bayles*, 151 F.Supp.2d 1318, 1321 (D.Utah 2000) (holding that due process was not violated where defendant did not know that the protective order issued against him in a state court divorce proceeding proscribed possession of a firearm under section 922(g)(8)); *cf. United States v. Miles*, 238 F.Supp.2d 297, 304 (D.Me.2002) (stating that defendant need not know of a protective order's proscription against firearm possession to be subject to the statute). In *Napier*, the defendant was subject to two relevant restraining orders that notified him explicitly of the firearms restriction. The Sixth Circuit ruled that "whether or not he received or read those domestic violence orders is of no moment." *Napier*, 233 F.3d at 399. Analogous to the facts in *Napier*, the court order against Coccia in this case explicitly prohibited him from possessing a weapon. As the Sixth Circuit reasoned in *Napier*, whether Coccia actually knew of the order is irrelevant.

Candidly, section 922(g)(8) can have harsh applications. For example, one might imagine a potential defendant who, upon learning that his spouse or partner is seeking a restraining order, simply decides to remove himself altogether from her life, only to be arrested thereafter during a hunting trip—far away from his estranged spouse—for exercising what he honestly believes is his Second Amendment right to possess a firearm. Such an application would be especially harsh if the order did not explicitly proscribe possession of a firearm but only, as the statute requires, contained a finding that the potential defendant represents a "credible threat" to his spouse. 18 U.S.C. § 922(g)(8)(C)(i).

■ The due process safeguards in the statute, however, are sufficient. The statute requires that a defendant have actual notice of the hearing at which the order issued and that a defendant have the opportunity to participate in that hearing. By requiring a hearing and an opportunity to be heard, these provisions satisfy due process, and also prevent a potential defendant from dodging future criminal liability merely by ducking an appearance at an important civil hearing. Moreover, in this case, the order specifically forbade Coccia from carrying a weapon of any kind. Because the statute is clear and the case law and public policy support the statute as it is written, any argument that Coccia must have had actual knowledge of the order against him must fail.

This Court, inaccurately, charged the jury that actual knowledge of the order was a requirement for criminal liability under section 922(g)(8). Such an instruction here, however, was harmless error because it represented an additional element requiring proof beyond a reasonable doubt, and the jury nonetheless found Coccia guilty. Any unwarranted effect of the erroneous charge aided Coccia's case; it did not harm it.

**B. Waiver**

■ Notwithstanding whether knowledge that an order has in fact issued is a required element under Section 922(g)(8), the instant motion must nonetheless fail because during its case, the defense itself advanced sufficient evidence that Coccia knew of the order to remedy any defect in the government's prima facie case. When a defendant chooses to present evidence in his own behalf, the production of evidence constitutes a waiver of his mid-trial motion for judgment of acquittal. *United States v. Cheung*, 836 F.2d 729, 730 n. 1 (1st Cir.1988); *United States v. Notarantonio*, 758 F.2d 777, 788 (1st Cir.1985). In the instant case, Coccia presented evidence in

his defense after moving for judgment of acquittal at the close of the government's case, thereby waiving his mid-trial motion. Although Coccia argued at the hearing on the motion for judgment of acquittal as matter of law that the holding in *Notarantonio* was an unintended "leap" in First Circuit case law,[1] the rule as articulated in *Notarantonio* and *Cheung* has governed this Circuit for some time. *See, e.g., Colella v. United States,* 360 F.2d 792, 802 (1st Cir.1966) (holding that a motion for judgment of acquittal made at the close of the government's case "followed by testimony for the defense, constitutes an abandonment of that motion"). Furthermore, when entertaining a renewed motion for judgment of acquittal at the close of all evidence, the Court considers all the evidence presented at trial, including evidence adduced during the defendant's case. *Notarantonio,* 758 F.2d at 788; *see also* Charles Alan Wright, *Federal Practice and Procedure: Criminal 3d* § 463 (2000) ("[A] conviction will be affirmed, even though the prosecution may have failed to make a prima facie case, if the evidence for the defense supplied the defect, and the whole record is sufficient to sustain a conviction.").[2] Because Coccia does not dispute that he produced evidence of his knowledge of the order during his case, sufficient evidence exists on the issue to support a conviction. Therefore, Coccia's motion would fail even if knowledge of the court order were a required element of the crime embodied in the statute.

The Court has also carefully considered Coccia's *pro se* motions for a judgment of acquittal and a new trial. They are completely without merit and require no discussion.

## III. CONCLUSION

Accordingly, Coccia's motions for judgment of acquittal and a new trial [Docket Nos. 70 & 76] are DENIED.

SO ORDERED.

---

1. At the motion hearing, counsel for Coccia argued that such a waiver occurred only if the defense presented evidence *and* failed to renew the motion for judgment of acquittal at the close of all the evidence. In support, counsel cited *United States v. Greenleaf,* 692 F.2d 182, 185 (1st Cir.1982).

2. Wright cogently notes that such a rule "means that a defendant who believes the government has failed to prove a prima facie case ha[s] to choose between presenting no evidence, and gambling that he is right about

this, or abandoning the point if his defense evidence will fill the gap in the proof." *Id.*